The case upon which this appeal is based was commenced by a verified petition filed on August 5, 1983, in the office of the Clerk of the Juvenile Court of Cullman County. The petitioner alleged that James Edward Clark was "delinquent . . ." in that he had committed a crime in violation of a specified section of the Code of Alabama. On September 23, 1983, the Juvenile Court of Cullman County rendered an order as follows:
 "This cause coming on to be heard, and the above-named child being present in Court with his parents, Martin and Mae Clark, his appointed attorney, Honorable Dan J. Willingham, Assistant District Attorney, Hon. Len Brooks, and Juvenile Officer, Javon Daniel and the Court having *Page 989 
first explained the nature of the proceedings to each of them, and having read in open Court the Petition filed, and having heard evidence in this cause and having duly considered the same, and it appearing to the Court that the said child is a delinquent child under the age of 18 years, to-wit, of the age of 17 years, and in need of the care and protection of the Court as alleged in the Petition filed herein; IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that said child is and is hereby declared a Ward of the State; and it further appearing to the Court that it is to the child's best interest; IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that said child be and is hereby committed to the temporary care and custody of the Department of Youth Services. It is further ordered . . . [omitted are a few words in pen and ink that are not legible with certainty to the writer hereof]."
On September 27, 1983, the appointed attorney for James Edward Clark filed with the Clerk of the Juvenile Court of Cullman County, a "NOTICE OF APPEAL FROM DISTRICT COURT, JUVENILE DIVISION, TO CIRCUIT COURT AND MOTION FOR STAY OF JUVENILE COURT FOR JUDGMENT PENDING APPEAL FROM THE JUDGMENT OF SAID JUVENILE COURT."
On October 13, 1983, the Assistant District Attorney of Cullman County filed in the Circuit Court of Cullman County a "MOTION TO DISMISS THE APPEAL," alleging:
 "That Rule 28 of the Alabama Rules of Juvenile Procedure provides in part as follows:
 "`Rule 28 (C) in cases arising out of the jurisdiction of the juvenile court over a child, appeal from a final order, judgment or decree shall be:
 "`(1) To the Court of Criminal Appeals in proceedings in which a child is alleged to be delinquent and in proceedings involving an order transferring a child to the adult court for criminal prosecution.'
 "WHEREFORE, the State of Alabama moves that the Court dismiss this appeal in that the Circuit Court of Cullman County lacks jurisdiction to hear the above cited case and that the appeal from the Juvenile Court of Cullman County should be made to the Alabama Court of Criminal Appeals."
On October 14, 1983, the Circuit Court of Cullman County rendered the following order:
 "WHEREAS, the above-styled cause was appealed from the Juvenile Court of Cullman County on September 27, 1983, from the Order of said Juvenile Court on September 23, 1983, and
 "WHEREAS, the proceeding in the Juvenile Court was one involving the delinquency of a child as defined in Section 12-15-120,
 "It appears that this Court does not have jurisdiction over this Appeal and that said Appeal should have been taken directly to the Alabama Court of Criminal Appeals.
 "Therefore, due to the confusion that exists regarding Rule 28 of the Rules of Juvenile Procedure in Section 12-15-120, Code of Alabama, 1975, and in view of the fact that there was no record of the proceedings made and kept in compliance with Rule 20 of the Rules of Juvenile Procedure and in view of the fact that this Appeal was timely filed,
 It is ORDERED and ADJUDGED that this Appeal be transferred by the Clerk of this Court to the Alabama Court of Criminal Appeals for further proceedings."
By letter dated October 20, 1983, from the Clerk of the Alabama Court of Criminal Appeals, the Clerk of the Cullman County Circuit Court was advised as follows:
 "The Court has instructed that this record be returned to you. The conditions of Rule 28 (a) [28 (A)], Rules of Juvenile Procedure, have not been met. As a consequence, Rule 28 (b) [28 (B)], Rules of Juvenile Procedure, is the controlling *Page 990 
rule and this case must be appealed to the Circuit Court of Cullman County."
On November 17, 1983, the Circuit Court of Cullman County rendered the following order:
 "This cause is before the Court on the Notice of Appeal from the District Court, Juvenile Division, of Cullman County, Alabama, and on the Motion of the State to dismiss the said appeal. This Court previously dismissed the appeal on October 14, 1983, and ordered that the appeal be transferred to the Alabama Court of Criminal Appeals. The Clerk of that Court returned the file to this Court, stating that the conditions of Rule 28 (a) [28 (A)], Rules of Juvenile Procedure, had not been met and stated further that Rule 28 (b) [28 (B)] of said Rule would control.
 "The facts are that the Defendant, James Edward Clark, is 17 years of age and was by the said Juvenile Court adjudged to be a delinquent child in need of the care and protection of the Court. The said Court further ordered that the child be committed to the temporary care and custody of the State Department of Youth Services.
 "All cases that involve a child, within the meaning of Title 12-15-1 of the Code of Alabama, 1975, are appealable to either the Alabama Court of Criminal Appeals or the Alabama Court of Civil Appeals. Cases that involve minors and adults, as defined in Title 12-15-1 of said Code, may appeal to the Circuit Court and have their cases tried de novo. The Defendant herein is neither a minor or an adult within the meaning of said Code Section and the mere fact that a record of the juvenile proceedings was not made pursuant to Rule 20, Rules of Juvenile Procedure, would not confer jurisdiction of this cause upon this Court. This Defendant has no right to demand a jury trial in the Circuit Court and the appeal of such case to the Circuit Court for a trial de novo was not contemplated by Rule 28, Rules of Juvenile Procedure.
 "It is, therefore, ORDERED and ADJUDGED that this Appeal be and the same is hereby dismissed and this Court has no jurisdiction in this matter. The taxing of circuit court costs are waived."
We need not attempt to discuss all of the details and ramifications of Rule 28, Rules of Juvenile Procedure, to pass upon the apparent difference between the parties as to the proper disposition by this Court of this appeal. In appellant's brief, he makes the following requests:
 "1. That the order of the Cullman County Juvenile Court adjudicating James Edward Clark delinquent be reversed and the charge dismissed.
 "2. In the alternative, that the order of the circuit court dismissing the appeal of James Clark be reversed, remanding it to the circuit court for a trial de novo.
 "3. In the alternative, that the Court of Criminal Appeals consider this as an appeal from the order of the Cullman County Juvenile Court."
The following is the concluding paragraph of appellee's brief:
 "This presents this Court with two courses of action: (1) affirm the adjudication of delinquency on the theory that the Appellant has failed to bring to this Court a record showing error; Robinson v. State, [444 So.2d 884] S.C. No. 82-141 (Ms. released September 23, 1983), Tyus v. State, 347 So.2d 1377 (Ala.Cr.App. [1977] 1979), or (2) remand the case to the Juvenile Court ordering a new hearing which would comply with Rule 20."
We are given no explanation for the apparent failure of the juvenile court to comply with Rule 20 (A) of the Rules of Juvenile Procedure, which states: "A complete record of all testimony shall be kept by stenographic reporting, by mechanical or electronic device, or by some combination thereof."
The governing statutory law as to appeals from judgments of the juvenile court is found in Code of Alabama 1975, §12-15-120, which provides in pertinent part:
 "(a) An aggrieved party, including the state or any subdivision of the state, *Page 991 
except in criminal cases, delinquency cases and in need of supervision cases, may appeal from a final order, judgment or decree of the juvenile court to the circuit court by filing written notice of appeal within 14 days after the entry of the order, judgment or decree. All appeals under this chapter shall take precedence over all other business of the court to which the appeal is taken.
 "(b) Upon appeal, the circuit court shall try the case de novo and shall proceed to render such judgment as is otherwise provided for by law in such cases.
". . . .
 "(e) When a case has been transferred to the circuit court docket in the first instance as provided in section 12-15-3, an appeal shall lie therefrom in conformance with procedures promulgated by the Supreme Court."
According to Annotations of § 12-15-120 of Code of Alabama 1975 (1983 Cum.Supp.), Section 12-15-120 has been superseded by A.R.J.P., Rule 28. The Annotations state:
 "Before March 1, 1982, appeals from juvenile court went to the circuit court and the time for appeal was 14 days from the entry of judgment and the proceedings were de novo . . . Juvenile proceedings were not recorded, therefore the trial de novo was necessary so that a record of the evidence should be prepared for an appeal to an appellate forum. The supreme court amended these rules in two instances. The results were A.R.J.P., Rules 20 and 28 which became effective on March 1, 1982. Rule 20 requires each juvenile proceeding to be recorded so that a record of the proceedings can be made for appeal. This makes it necessary to first appeal to the circuit court for a trial de novo as was done. Rule 28 concerns appeals from juvenile courts to the appropriate appellate court. Appeal is taken to the appellate court from cases arising out of the jurisdiction of the juvenile court over a child and notice of appeal must be filed within fourteen days after the entry of the order, judgment or decree.
 "The court of civil appeals construed the impact of Rule 28, taken in connection with Rule 20, as completely altering the appellate route of juvenile court adjudications and determined that Rule 28, A.R.J.P., supersedes this section. Rule 28, A.R.J.P. now governs appellate procedure from juvenile court. Wright v. Montgomery County, Dep't of Pensions and Sec., 423 So.2d 256 (Ala.Civ.App. 1982)."
Whatever the appropriate court to which the appeal from the juvenile court should have been taken, an appeal to the Alabama Court of Criminal Appeals would have been valueless in the absence of a transcript of the proceedings in the juvenile court or some agreed upon statement of the facts or an adequate stipulation of the parties. The Court of Criminal Appeals, an appellate court, cannot grant him a trial de novo, which is the prerogative of a trial court only. The case should be remanded to the trial court with directions that said court reinstate the appeal of the case from the juvenile court and proceed, after due notice to all concerned, with a trial de novo of the case.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 992