The two appellants were adjudicated juvenile delinquents on December 2, 1986, by the Covington County Juvenile Court. The court ordered both committed to the Alabama Department of Youth Services. Demetrice Smith's commitment, however, was suspended and he was placed on probation for two (2) years. Three issues are raised on appeal.
The two brothers, aged 12 and 11 at the time, were discovered coming from around a car located on the premises of Jackson Honda automobile dealership by Officer J.D. Shakespeare of the Andalusia Police Department. He was responding to a report that "some youngsters down there had been messing with the cars" at Jackson Honda. When the two boys spotted Officer Shakespeare, they fled the scene. Officer Shakespeare called for assistance in locating them. One boy was found hiding nearby, while the other was apprehended running down Dunson Street. Officer Shakespeare talked with both of the boys about why they were at Jackson Honda and then drove them home to their mother.
The next morning, Luke Jackson, one of the owners of Jackson Honda, discovered that a number of vehicles on the premises of his business had been damaged. The two boys, accompanied by their mother, were brought to the police station for questioning regarding the incident at Jackson Honda. Before the questioning began, Investigator Billy Treadway of the Andalusia Police Department informed the boys that: (1) they had the right to counsel; (2) if they were unable to pay a lawyer and if their parents or guardian could not provide a lawyer, one could be provided at no charge; (3) they were not required to say anything and anything they said could be used against them; and (4) they had the right to communicate with counsel, parent, or guardian. After being informed of their rights, each of the boys, as well as their mother, indicated that they understood those rights and signed the notification of rights form. The boys then chose to make a statement. Investigator Treadway stated that the boys were neither threatened nor coerced into making a statement. His only comment to Tony and Demetrice was that it would be better for them to tell the truth, a statement endorsed by their mother.
 I
Appellants first argue that Rule 28 of the Alabama Rules of Juvenile Procedure violates the Equal Protection clause of the United States Constitution. Rule 28 states:
"(A) Direct appeal to appellate courts.
 "(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
 "(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
 "(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.
 "(2) If the appeal provided in this subsection is taken from a final order, judgment or decree in a case or proceeding arising out of the jurisdiction of the juvenile court over a child as such term is defined in section 12-15-1(3), Code of Alabama 1975, the appropriate appellate court for purposes of the appeal shall be (a) the court of criminal appeals in proceedings in which a child is adjudicated delinquent and proceedings in which a motion seeking an order to transfer a child to the adult court for criminal prosecution is either granted or denied, and (b) the court of civil appeals in any other case or proceeding.
 "(B) Appeal to circuit court. Appeals from final orders, judgments or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo and the case shall be heard *Page 176 
by a different circuit judge if heard by a circuit judge in the first instance in the juvenile court.
 "(C) Notice of appeal. Written notice of appeal shall be filed within 14 days of the judgment, order or decree appealed from, whether the appeal is to an appellate court or to the circuit court for trial de novo.
 "(D) Transfer of appeal. An appellate court or circuit court may transfer an appeal which it determines should have been transferred to or brought in another court to such other court.
 "(E) Stay of order. An appeal pursuant to this rule shall not stay enforcement of the order, judgment, or decree appealed from; but the court to which the appeal is taken may order otherwise, if suitable provision is made for the case and custody of the child. If the order, judgment or decree appealed from grants the custody of a child to, or withholds it from one or more of the parties to the appeal, the appeal shall be heard at the earliest time practicable. (Amended 1-4-82, eff. 3-1-82; Amended 11-5-85, eff. 11-15-85)."
Specifically, they object to the distinction made between appeals involving delinquent juveniles where an adequate record was made, and delinquent juveniles where no record or an inadequate record was made. If there was an adequate record, their appeal is to the Court of Criminal Appeals; if not, then to the circuit court. They contend that this rule denied them a trial de novo in circuit court, and another chance to be found not guilty, before review by this court.
An examination of the record indicates that this issue was not presented to the trial court. " '[E]ven constitutional issues must first be raised at the trial level or they are deemed waived.' This basic rule likewise applies to juvenile proceedings. See, e.g., Talley v. State, 483 So.2d 1369
(Ala.Cr.App.), cert. quashed, 483 So.2d 1372 (Ala. 1985)."Taylor v. State, 491 So.2d 1042, 1043 (Ala.Cr.App. 1986).
The appellants contend that this issue is being raised for the first time on appeal because the question never arises until an appeal is taken. A review of the record indicates that the question of which court would hear the appellants' appeal was discussed at the conclusion of their delinquency hearing. Their attorney was informed that the appeal would go to this court. No objection was offered. Nor did appellants ask for a trial de novo in the circuit court when they filed their formal notice of appeal. This issue has not been preserved for our review.
Even if this issue had been preserved, it would be resolved adversely to appellants. The basic tenet of the equal protection clause is not that all persons must be treated equally, but rather that all persons similarly situated must be treated equally. Eagerton v. Gulas Wrestling Enterprises, Inc.,406 So.2d 366, 370 (Ala. 1981). (Emphasis added.) We have held that equal protection of the laws does not compel conformity in the face of differences. Craig v. State, 410 So.2d 449, 453
(Ala.Cr.App. 1981); State v. Spurlock, 393 So.2d 1052, 1056
(Ala.Cr.App. 1981).
 "The equal protection clause does not mean that a state may not draw lines that treat one class of individuals differently from others. The test is whether the difference in treatment is an invidious discrimination. Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)." Craig, supra, 410 So.2d at 454.
The classification of subjects is not arbitrary and invalid if it is based on some difference which bears a reasonable and just relation to the attempted classification.Spurlock, supra, 393 So.2d at 1056.
For purposes of this appeal, Rule 28, A.R.J.P., addresses juvenile appeals in two categories: (1) appeals in which a record certified as adequate exists; and (2) appeals in which no record or an inadequate record exists. The appellants contend that the individuals in these two categories are similarly situated for purposes of appeal. The commentary to Rule 28, A.R.J.P., states that "the direct appeal to the appropriate appellate court . . . should be viewed as the preferred route of all juvenile court *Page 177 
appeals." However, an appeal before this court in which no transcript of the proceedings below existed would be valueless, since we can consider only what is contained in the record before us. See Clark v. State, 459 So.2d 988, 991 (Ala.Cr.App. 1984). Therefore, people in these two categories are not similarly situated for purposes of appeal. The classifications contained in Rule 28, A.R.J.P., are made to insure that all juveniles receive an appeal of right before the state's appellate courts. This goal is intended to be achieved by assuring that an adequate record of the proceedings exists. We hold that the classifications contained in Rule 28, A.R.J.P., do not deny equal protection of the law.
 II
The appellants contend that a fatal variance exists between the allegations contained in the complaint and the proof presented by the State.
An adjudication of delinquency is due to be reversed if a material variance exists between the allegations of the delinquency petition and the proof offered at trial. Talley v.State, 483 So.2d 1369, 1370 (Ala.Cr.App. 1985). The "allegations of a delinquency petition must be tested by the same standards of sufficiency as a criminal complaint for indictment." Chambers v. State, 497 So.2d 607, 612 (Ala.Cr.App. 1986). However, a variance between an indictment and proof must be material before a conviction will be overturned for that reason. Lyle v. State, 497 So.2d 834, 836 (Ala.Cr.App. 1986).
The delinquency petitions against the appellants alleged that the appellants had inflicted damage in excess of $1800.00 to various property belonging to Luke Jackson of Jackson Honda Company, which constituted the crime of criminal mischief in the first degree. The testimony established damage of between $700.00 and $875.00 to the vehicles at Jackson Honda. Although damage in this amount was insufficient to prove the offense of criminal mischief in the first degree, § 13A-7-21, Code of Alabama (1975), the amount of damage established proof of the lesser included offense of criminal mischief in the second degree. § 13A-7-22, Code of Alabama (1975). Therefore, the amount of damage was an immaterial allegation in the complaint.See Brewer v. State, 497 So.2d 567, 569 (Ala.Cr.App. 1986).
Additionally, it was discovered that one of the vehicles damaged at Jackson Honda belonged to a customer and not to the dealership itself. This fact should not change the outcome of this particular case. The question of who owns the damaged property is not an element which must be proven to establish the crime of criminal mischief. "A variance is not a material variance unless it misleads the accused or is substantially injurious to him in making his defense." Phillips v. State,446 So.2d 57, 62 (Ala.Cr.App. 1983), cert. denied, 467 U.S. 1254,104 S.Ct. 3541, 82 L.Ed.2d 845 (1984). We find that the variance did not mislead or substantially injure appellants in making their defenses.
 III
The appellants finally contend that the waiver of their rights was involuntary, and, thus, that their statements were inadmissible.
In the appeal of another case involving these same two appellants, we reversed on this issue, reciting the applicable rule:
 "Whether there is a valid waiver depends upon 'the totality of the circumstances':
 " 'This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights. . . .
" '. . . .'
 "Fare v. Michael C., 442 U.S. 707, at 725, 99 S.Ct. 2560, at 2572, 61 L.Ed.2d 197, at 213 (1979). It is elementary that a valid waiver must be made voluntarily, knowingly, and intelligently. See generally, Ex parte Whisenant, 466 So.2d 1006 (Ala. 1985); Smith v. State, 475 So.2d 633
(Ala.Cr.App. 1985)." *Page 178 
Smith v. State, 484 So.2d 560, 561-62 (Ala.Cr.App. 1986).
The trial court did not abuse its discretion in holding that these confessions were voluntary. The testimony of the police investigator was that the requirements of Rule 11(A), Alabama Rules of Juvenile Procedure, were complied with. The appellants said that they understood these rights. First their mother, and then the appellants, signed the notification of rights form. Both appellants then indicated that they wished to make a statement. They were neither coerced nor threatened into giving a statement. Investigator Treadway told the appellants that it would be best to tell the truth, a statement endorsed by their mother. A mere adjuration to tell the truth is not an inducement which will render an accused's statement involuntary. Jones v. State, 455 So.2d 992, 996 (Ala.Cr.App. 1984).
These two appellants are veterans of the juvenile justice system. We find nothing which even suggests that the court abused its discretion in ruling that they voluntarily, knowingly, and intelligently waived their rights. Their statements were lawfully and correctly admitted into evidence.
This cause is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J. concurs in result only.