659 So.2d 1012 (1995)
D.L.S.
v.
STATE.
CR-93-0528.
Court of Criminal Appeals of Alabama.
January 13, 1995.
Rehearing Denied March 3, 1995.
*1013 Ron Storey, Dothan, for appellant.
James H. Evans, Atty. Gen., and Norbert Williams, Asst. Atty. Gen., for appellee.
MONTIEL, Judge.
The appellant, D.L.S., a minor, admitted the allegations of a petition charging sodomy in the first degree and was adjudged a delinquent in juvenile court. The appellant appealed to the circuit court for a trial de novo, and the circuit court transferred the appeal to this Court.
The appellant argues that the record of the proceedings in juvenile court are inadequate to support an appeal to this Court and that this case should be remanded to the circuit court for a trial de novo. Rule 28(A)(1), Ala.R.Juv.P., states:
"(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
"(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
"(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions."
Following the proceedings in juvenile court, the juvenile court judge entered an order committing the appellant to the custody of Department of Youth Services. The judge later amended his order, ex mero motu, to further detail the proceedings. We note that the record contained no transcript of the court proceeding. The juvenile court judge certified the amended order as "an adequate record of the exact proceedings that took place at the hearing held in this cause on November 5, 1993." (C. 6.) This Court then remanded the case to the juvenile court for an adequate transcript or a stipulation of the facts or a stipulation by the parties that the appeal involves only questions of law. On return, the juvenile court, citing Rule 20, Ala.R.Juv.P., stated that because no testimony was taken in the juvenile proceeding, no transcript was required to certify the record as adequate for the purposes of direct appeal to this Court. Rule 20(A), Ala.R.Juv.P., provides:
"(A) A record of all testimony shall be kept by stenographic reporting, by mechanical or electronic device, or by some combination thereof. Exhibits and other tangible evidence shall be preserved by the party offering the exhibits or the evidence, unless otherwise directed by the court. The record shall be preserved until the time for taking an appeal has expired."
The Comment to this rule states, in part:
"This rule provides for the use of electronic devices for recording testimony in any hearings in the juvenile court. This rule should facilitate appeals in that a substantially complete record may be provided in each case.
"It is expected that a record made in juvenile court by any of the methods prescribed in subsection (A) of this rule will be adequate and as substantially complete as a record made in a case tried in the circuit court."
The language of Rule 20(A) is mandatory, not permissive. The instant case is similar to a guilty plea proceeding in circuit court and just as that proceeding must be transcribed, Rule 20(A) requires the same in juvenile court. See D.M.J. v. State, 589 So.2d 802 (Ala.Crim.App.1991).
The purpose of Rule 28 is to assure that all juveniles receive an appeal of right before the appellate courts of this state. Smith v. State, 518 So.2d 174 (Ala.Crim.App. 1987). The Comment to Rule 28 states that the direct appeal "should be viewed as the preferred route of all juvenile court appeals." *1014 "However, an appeal before this court in which no transcript of the proceedings below existed would be valueless, since we can consider only what is contained in the record before us. See Clark v. State, 459 So.2d 988, 991 (Ala.Cr.App.1984)." Smith v. State, 518 So.2d at 177. In those cases where a record is inadequate, a trial de novo in the circuit court can furnish a complete record to the appellate court, if necessary.
This appeal does not meet the jurisdictional prerequisites of Rule 28(A), Ala. R.Juv.P. Therefore, this cause is hereby reversed and remanded to the Covington County Circuit Court for a trial de novo.
REVERSED AND REMANDED.
All the Judges concur.