LONG, Judge.
The appellant, W.R.C., admitted the allegations of a delinquency petition that had been amended to charge him with the unauthorized use of a vehicle, and, accordingly, he was adjudicated delinquent by the juvenile court judge. Following a separate hearing before a referee, the referee recommended that the appellant pay restitution in the amount of $1,515. The appellant filed in the juvenile court both a “motion for reconsideration and/or new trial” and a notice of appeal with respect to the referee’s recommendation of restitution. The juvenile court judge apparently treated the motion and notice of appeal as requests for a rehearing of the referee’s recommendation pursuant to § 12-15-6, Code of Alabama 1975, and a hearing was set. The day before the hearing, the appellant filed a motion seeking a continuance. The hearing was continued, and the day before the new hearing date, the appellant filed another motion for a continuance. When neither the appellant nor his attorney appeared at the time set for the hearing, the juvenile court judge entered an order summarily denying the appellant’s “motion for reconsideration and/or new trial” and confirmed the referee’s recommendation of restitution.
The appellant then filed a motion to appoint a court reporter to prepare a transcript of the restitution hearing before the juvenile court judge. In response, the judge made the following entry in the case action summary: “The motion ... is denied as there was no record of the ... hearing. As no one appeared, no hearing was held, [and] the motion for reconsideration or new trial was denied summarily.” C.R. 3.
The appellant appeals from the order of the juvenile court judge confirming the referee’s recommendation of restitution. The appellant contends: (1) that he was denied the right to examine the evidence *1101 against him and be present and have his attorney present at the restitution hearing before the juvenile court judge, and that he was thereby deprived of due process; (2) that the juvenile court failed to follow § 12-15-65(d), which governs rehearings of referees’ recommendations, because the record does not reflect that the judge reviewed any record of the proceedings before the referee or conducted the rehearing de novo; and (3) that “the referee failed to abide by Ala.Code § 12-15-65(b) (1975)[, redesignated as subsection (c) by Act No. 93-256, 1993 Ala.Acts, p. 367 § 1, effective May 27,1993,] regarding the duty to advise the parties of their rights under the law.” Appellant’s brief at 10.
Rule 28, Ala.R.Juv.P., states:
“(A) Direct appeal to appellate courts.
“(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
“(a) A record certified as adequate by the juvenile court judge or a stipulation of facts'” is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
“(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.
[[Image here]]
“(B) Appeal to circuit court. Appeals ... in all other eases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo.”
“The Comment to Rule 28 states that the direct appeal ‘should be viewed as the preferred route of all juvenile court appeals.’ ” D.L.S. v. State, 659 So.2d 1012,1013 (Ala.Cr.App.1995).
Neither of the requirements of Rule 28(A)(1), Ala.R.Juv.P., was met in this case. Addressing Rule 28(A)(1)(b) first, we note that the record contains no stipulation by the parties that only questions of law are involved and no certification by the juvenile court of a question. As to Rule 28(A)(1)(a), the requirement that parties entitled to a trial by jury exercise or waive that right was inapplicable to this case, because “[i]n the juvenile court, the juvenile has no right to a trial by jury.” Brown v. State, 534 So.2d 324, 326 (Ala.Cr.App.1986). A record has not been certified as adequate by the juvenile court judge, and there is no stipulation of facts in the record. Moreover, the record does not contain a transcript of any restitution proceedings before the referee.
As far as we are aware, this Court has addressed compliance with Rule 28 in only four cases: D.L.S, supra; D.M.J. v. State, 589 So.2d 802 (Ala.Cr.App.1991); Brown, supra; and Clark v. State, 459 So.2d 988 (Ala.Cr.App.1984). In each of those eases, this Court found that the requirements of Rule 28 were not met, and either remanded the case to allow the appellant to fulfill the requirements of Rule 28 or reversed the judgment and remanded the case for a trial de novo in circuit court. Based on those authorities, this case is remanded to the juvenile court for a determination of whether the juvenile court judge can certify a record as adequate, or whether a stipulation of facts is available, or whether there are any questions of law to which the parties stipulate that can be certified as the basis of the appeal. Upon proper certification of either a record or questions of law, or a finding that a stipulation of facts is available, that certification or stipulation of facts shall be transmitted to this Court. If the juvenile court judge cannot make such a proper certification of either a record or questions of law and finds that a stipulation of facts is unavailable, the juvenile court shall make written findings to this effect stating the reasons therefor. A return to remand shall be filed within 63 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
All Judges concur.

Note from the Reporter of Decisions: The Court of Criminal Appeals on March 19, 1996, entered *1102 the following order in this case: "Remand instructions contained in 11-9-95 opinion set aside; appeal transferred to circuit court for trial de novo.”