DONALDSON, Judge.
A.A., Sr. ("the father"), seeks review of two orders of the Jefferson Circuit Court, Bessemer Division ("the circuit court"), transferring the appeals of the judgments entered in two juvenile cases to this court. The father seeks to set aside the transfer orders and to require the circuit court to conduct a trial de novo of each juvenile case. As the court that initially received the appeals, the circuit court had the responsibility to determine whether adequate records were available for this court's appellate review before transferring the appeals. Because that determination had not been made by the circuit court, there was no basis to order the appeals to be transferred to this court. We therefore grant the father relief insofar as he seeks to set aside the orders transferring the appeals. We deny the father relief insofar as he seeks to require the circuit court to conduct a trial de novo on appeal of the judgment entered in each juvenile case.
Facts and Procedural History
On November 10, 2016, the Jefferson County Department of Human Resources ("DHR") initiated proceedings, including the underlying juvenile cases, by filing petitions in the Jefferson Juvenile Court, Bessemer Division ("the juvenile court"), alleging, among other things, that the father's four children were dependent. A guardian ad litem was appointed for the children. On June 20, 2017, the juvenile court conducted a hearing on the issues of the dependency and the custody of the children. On July 13, 2017, the juvenile court entered judgments finding three of the four children to be dependent and determining the custody of those three children.
On July 17, 2017, the father filed notices of appeal to the circuit court as to the juvenile court's judgments regarding two of the children. On July 20, 2017, the father filed motions for an expedited hearing on the custody of those two children. In the motions, the father asserted: "The transcript of [the juvenile court's June 20, 2017,] hearing has been ordered and will be available to the [circuit court]." DHR and the guardian ad litem both filed motions to dismiss the appeals in the circuit court, arguing that this court had jurisdiction of the appeals because, they asserted, there was an adequate record pursuant to Rule 28, Ala. R. Juv. P. The father filed responses arguing that the appeals were properly in the circuit court because, he asserted, the juvenile-court judge never designated a court reporter to prepare a transcript pursuant to Rule 28(A)(1)(c)(ii), Ala. R. Juv. P.
On October 3, 2017, the circuit court entered an order in each appeal, stating, in relevant part:
"It is undisputed by the parties that a dependency trial was held on June 20, 2017 before the Honorable Lorraine Pringle in the Juvenile Court of Jefferson County, Bessemer Division. It is further undisputed by the parties that the trial proceedings were recorded by a court reporter obtained by both [DHR]
*1065 and [the father]. The only issue of contention relates to whether Judge Pringle designated a court reporter to transcribe a record of the proceedings in accordance with the provisions of Rule 10(b)(2) of the Alabama Rules of Appellate Procedure and Alabama Rule of Juvenile Procedure 20(B).
"....
"... This Court is not persuaded that it should make that determination. Instead, this Court is of the opinion that the Alabama Court of Civil Appeals is the court to make that determination or proceed as the Alabama Court of Criminal Appeals did in W.R.C. v. State, 681 So.2d 1100 (Ala. Crim. App. 1995) when it remanded the case to the juvenile court for a determination of whether the juvenile court could certify the record as adequate. Under either scenario, it is apparent that the circuit court should not make that determination. Accordingly, this Court lacks jurisdiction and must transfer this case to the appropriate court, which is the Alabama Court of Civil Appeals."
Although the written orders of the circuit court purport in one place to "grant" the motions to dismiss filed by DHR and the guardian ad litem, the orders, in substance, transfer the appeals to this court.
On October 3, 2017, the father filed notices of appeal to this court challenging the circuit court's October 3, 2017, orders. We have elected to treat those notices of appeal as petitions for the writ of mandamus. See F.L. Crane & Sons, Inc. v. Malouf Constr. Corp., 953 So.2d 366, 372 (Ala. 2006) ("[An appellate court] consider[s] the facts of the particular case in deciding whether to treat the filing as a petition [for a writ of mandamus] or as an appeal."); Ex parte MedPartners, Inc., 820 So.2d 815, 821 (Ala. 2001) (noting that a petition for the writ of mandamus is an appropriate means to seek to set aside an order transferring a case to another court).
Standard of review
"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995).
Discussion
Rule 28, Ala. R. Juv. P., sets out the circumstances in which appeals from judgments entered in the juvenile courts may be taken to the circuit court or to this court. Rule 28 provides, in pertinent part:
"(A) Direct Appeals to Appellate Courts.
"(1) Appeals from final orders or judgments of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, after the right to a jury trial, if applicable, has been exercised or waived by all parties entitled thereto and one of the following conditions has been met:
"(a) The parties have stipulated to an agreed statement of the record on appeal in accordance with the provisions of Rule 10(e) of the Alabama Rules of Appellate Procedure ; or
"(b) The parties stipulate that only questions of law are involved and the juvenile court certifies those questions; or
"(c) An adequate record of the proceeding is available pursuant to one of the following circumstances:
*1066 "(i) Proceeding Recorded by Electronic Means. Other than as addressed by (ii) below, if the proceeding has been recorded by electronic means, the juvenile court judge designates a person to transcribe the record of the proceeding and to prepare a reporter's transcript in accordance with the provisions of Rule 10(b)(2) of the Alabama Rules of Appellate Procedure, and the juvenile court judge certifies that the record of the proceeding is adequate.
"(ii) Proceeding Recorded by a Court Reporter Present at the Proceeding. If a licensed court reporter or reporters are present at the proceeding to record the proceeding, the reporter or reporters, upon being designated by the juvenile court judge to do so, shall transcribe the record of the proceeding and prepare a reporter's transcript in accordance with the provisions of Rule 10(b)(2) of the Alabama Rules of Appellate Procedure.
"(2) If the appeal provided in this subsection is taken from a final order or judgment in a case or proceeding arising out of the jurisdiction of the juvenile court over a child, as that term is defined in Ala. Code 1975, § 12-15-102(3), the appropriate appellate court for purposes of the appeal shall be (a) the Court of Criminal Appeals in proceedings in which a child is adjudicated delinquent, proceedings to revoke probation or aftercare in delinquency cases, and proceedings in which a motion seeking an order to transfer a case of a child to the adult court for criminal prosecution is either granted or denied, and (b) the Court of Civil Appeals in any other case or proceeding.
"....
"(B) Appeals to Circuit Court. Appeals from final orders or judgments in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo, and the case shall be heard by a different circuit court judge if heard by a circuit court judge in the first instance in the juvenile court. The subject of an appeal to the circuit court for trial de novo on delinquency cases or cases involving a child in need of supervision, as that term is defined in Ala. Code 1975, § 12-15-102(4), shall be on the same charge tried in juvenile court; however, no provision of this rule shall be construed to confer the right to a jury trial for a juvenile adjudication appealed to the circuit court. The same provisions of law or rule regarding confidentiality of records and proceedings in the juvenile court shall be applicable on appeal de novo to the circuit court.
"....
"(D) Transfer of Appeal. An appellate court or circuit court may transfer an appeal to another court if it determines that the appeal should be transferred to or should have been brought in that court."
The father filed notices of appeal from the juvenile court to the circuit court. Pursuant to Rule 28(D), Ala. R. Juv. P., the court that receives an appeal must determine whether the appeal should have been brought in another court before transferring the appeal to the other court. In the absence of any stipulations by the parties under Rule 28(A)(1)(a) or (b), whether an appeal belongs in the appropriate appellate court or in a circuit court depends on the availability of an adequate record of the juvenile court's proceedings. Rule 28(A)(1)(c). Therefore, in the absence of any stipulations by the parties under Rule 28(A)(1)(a) or (b), the court receiving an appeal must determine whether an adequate *1067 record is available before transferring the appeal pursuant to Rule 28(D).[1]
Because the appeals were to the circuit court, that court had to determine whether adequate records in the juvenile cases were available for appellate review by this court. The circuit court's orders transferring the appeals expressly indicate that determination had not been made. As a result, there was no factual or legal basis to transfer the appeals to this court under Rule 28(D), and the father has shown a clear legal right to mandamus relief. The circuit court is directed to set aside its orders transferring the father's appeals to this court. To rule on the motions filed by DHR and the guardian ad litem, the circuit court must make the initial determination whether adequate records in the juvenile cases are available for appellate review by this court.
The father also argues that the circuit court should conduct a trial de novo pursuant to Rule 28(B) because the records in the juvenile cases are inadequate for our review without a transcript of the June 20, 2017, hearing. DHR argues that a court reporter was present at the June 20, 2017, hearing and that the father's inaction led to the omission of a transcript of that hearing in the records. The father asserts that, even though a court reporter was present at the hearing, the juvenile court did not designate the court reporter pursuant to Rule 28(A)(1)(c)(ii).
The parties have not made any stipulations pursuant to Rule 28(A)(1)(a) or (b). Therefore, an appeal would lie in the circuit court for a trial de novo only if an adequate record for an appeal to this court is not available. See Rule 28(A)(1)(c). It is undisputed that a court reporter was present at the June 20, 2017, hearing in the juvenile court, but a transcript of the hearing has not been produced. Unlike a situation in which a transcript is unavailable or insufficient, the preparation of the records in the juvenile cases, according to the materials before us, is merely incomplete. We note that the circuit court has general superintendence over the juvenile court. See § 12-11-30(4), Ala. Code 1975 ("The circuit court shall exercise a general superintendence over all district courts, municipal courts, and probate courts."). Accordingly, the circuit court may take measures, if necessary, to direct the completion of the records in order to determine whether an adequate record exists in each case.
As discussed, because the father appealed to the circuit court, the circuit court has the responsibility to determine whether adequate records in the juvenile cases are available. The responsibility for that determination includes ensuring any necessary preparation of the records, such as the transcription of the June 20, 2017, hearing in the juvenile court. Because the issue remains for the circuit court to determine, the father cannot establish that the records in the juvenile cases are inadequate. We therefore deny the father's petitions for a writ of mandamus insofar he seeks to compel the circuit court to conduct a trial *1068 de novo on appeal of the judgments entered in the juvenile cases.
2170062-PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
2170063-PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

In its October 3, 2017, orders, the circuit court cited W.R.C. v. State, 681 So.2d 1100 (Ala. Crim. App. 1995), in which the Alabama Court of Criminal Appeals remanded a juvenile-delinquency case to the Houston Juvenile Court to determine whether the case met the requirements in Rule 28 for an appeal to the Court of Criminal Appeals. The appeal in W.R.C. had been directly to the Alabama Court of Criminal Appeals, not to a circuit court. Therefore, W.R.C. is inapposite to the present case. Moreover, the Alabama Court of Criminal Appeals subsequently vacated that remand order and entered an order transferring the appeal to the Houston Circuit Court. See W.R.C., 681 So.2d at 1101, Note from the Reporter of Decisions; and W.R.C. v. State, (CR-94-1123, March 19, 1996) 683 So.2d 1067 (Ala. Crim. App. 1996) (table).