This is an appeal from an adjudication of delinquency. A delinquency petition was filed in the wake of a fracas which erupted *Page 679 
at a high school football game. The genesis of the disturbance is unimportant; suffice it to say that the defendant/appellant, Jeffery Driskill, who was seventeen years old at the time, made an insulting remark about an off-duty policeman working as a security guard at the game. Although the remark was made in a conversational tone voice, it was overheard by the officer, who ordered the youth to leave the stadium. Driskill protested this directive with some vehemence and additional profanity. The guard then attempted to physically eject him from the stadium, but Driskill resisted with such force that the assistance of two other guards was required to subdue and handcuff him.
The delinquency petition is in two "counts." The first alleges that the juvenile ". . . used offensive, disorderly, threatening, abusive or insulting language, conduct, or behavior. . . ." The second charges Driskill with resisting arrest.
The defendant argues that the evidence introduced at trial was insufficient to support the allegation of disorderly conduct, and that the allegation itself is fatally defective in that it does not include an essential element of the offense. Further, since under his view of the facts he did not engage in disorderly conduct, Driskill contends his arrest was unlawful, and that he was justified in resisting.
We agree that the first allegation of the delinquency petition is defective. Our Juvenile Code limits the delinquency jurisdiction of the juvenile courts to juveniles who have committed "An act designated a crime under the law of this state . . . or under federal law or a violation of a municipal ordinance. . . ." Code 1975, § 12-15-1 (8). The statute now extends to juveniles charged with delinquency many of the procedural safeguards available to adult criminal defendants. Recognizing the quasi-criminal nature of delinquency proceedings, we have recently held that due process and our Juvenile Code require that an adjudication of delinquency be reversed if there is a material variance between the allegations of the delinquency petition and the proof introduced at trial. Scott v. State, 374 So.2d 316 (Ala. 1979). Lest this leave any room for confusion, we now hold, based on the reasoning of that case, that the allegations of a delinquency petition must be tested by the same standards of sufficiency as a criminal complaint for indictment.
Applying these standards to the petition before us, it is evident that the first "count" must fail. It is unclear from the petition whether Driskill is alleged to have violated a local ordinance which prohibits disorderly conduct, Code of Ordinances of City of Huntsville (1954), § 19-18, or a state statute prohibiting disturbances of the peace, Code 1975, § 13-6-100. However, the petition neither alleges Driskill's language or conduct was intended to provoke a breach of the peace, as required by the ordinance, nor that it resulted in disturbing the peace, as required by the statute. Thus, the petition fails to allege a violation of state or local law. A criminal complaint which fails to include an essential element of the statute cannot support a conviction. McClendon v. State,44 Ala. App. 558, 216 So.2d 302 (1968).
As regards the second allegation of the petition, however, we cannot agree with the defendant that he was justified in resisting arrest. Whether or not directing profane remarks to a police officer amounts to a breach of the peace, it is a violation of Code 1975, § 13-6-19, which makes it a misdemeanor to make any insulting remarks about a police officer who is engaged in the active discharge of his duties. While the officer was in the employ of the Huntsville Board of Education at the time of the incident, he was in uniform and received his orders from his police chief. For the purposes of this statute, he was engaged in the active discharge of his duties. Cf. Huttov. State, 53 Ala. App. 685, 304 So.2d 29 (1974), (wherein it was held that a police officer employed by a high school to work security at a football game was acting within the line of duty in attempting to make an arrest for possession of beer in a dry county). *Page 680 
Code 1975, § 15-10-3, gives an officer the authority to make arrests without a warrant when a public offense has been committed in his presence. Driskill's arrest was thus lawful, and his resistance to it a violation of Code 1975, § 13-5-4. The adjudication of delinquency must be affirmed on this ground.
AFFIRMED.
TORBERT, C.J., and JONES and BEATTY, JJ., concur.
MADDOX, J., concurs specially.