This case involves the appeals of four juveniles from adjudications of delinquency in the juvenile court of Lowndes County. Six separate hearings were held the same day on the various charges pending against the juveniles. (1) Fifteen-year-old Roy C. Hall and fourteen-year-old Alvin James Johnson were found guilty of burglary in the third degree and theft in the second degree in connection with the burglary of Norman's True Value Hardware on February 2, 1986. (2) Hall, Johnson, and seventeen-year-old Chambers were found guilty of burglary in the third degree and theft in the second degree in the burglary of Norman's True Value Hardware on February 3, 1986. (3) Fifteen-year-old Joel Coley and Chambers were found guilty of theft in the second degree for their actions at Old Fort Cleaners on January 21, 1986. (4) Coley was found guilty of theft in the second degree for the events of the Kwik Stop on January 22, 1986. (5) Hall and Johnson were found guilty of criminal mischief in the second degree for their conduct at the Lowndes County Middle School on February 1, 1986. (6) Chambers was found guilty of theft in the second degree for his action on December 18, 1985, involving the Lowndes County Middle School.
At the conclusion of all the hearings, the trial judge adjudged each appellant to be a delinquent child and committed each to the Department of Youth Services.
 I. THE CONFESSIONS A
Each juvenile confessed. Coley and Johnson argue that the State did not present a proper predicate for the admission of their statements.
Rule 11 (A) of the Alabama Rules of Juvenile Procedure provides:
 "(A) When the child is taken into custody, he must be informed of the following rights by the person taking him into custody:
"(1) that he has the right to counsel;
 "(2) that if he is unable to pay a lawyer and if his parents or guardian have not provided a lawyer, one can be provided at no charge;
 "(3) that he is not required to say anything and that anything he says may be used against him; and
 "(4) if his counsel, parent, or guardian is not present, that he has a right to communicate with them, and that, if necessary, reasonable means will be provided for him to do so."
"If any one or more of these warnings are omitted, the use in evidence of any statement given by the child is constitutionally proscribed." Ex parte Whisenant,466 So.2d 1006, 1007 (Ala. 1985). Because an in-custody statement by an accused is prima facie involuntary and inadmissible, the "State must show the precise and specific warnings given the accused so that the trial judge may make a determination of the compliance or noncompliance with Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)." Robinson v. State,399 So.2d 902, 903 (Ala.Cr.App. 1981).
While the State presented testimony that Coley and Johnson were given "their rights," no evidence was presented of the specific rights given. However, this particular ground of objection was never raised at trial. "Only those grounds of objection presented to the trial court can serve as a basis for reversal of its action. . . . The trial judge will not be placed in error on grounds not assigned in the objection. . . . Even though evidence may have been inadmissible *Page 609 
on different grounds, the defendant is bound by the specified grounds of objection." Bolding v. State, 428 So.2d 187, 191
(Ala.Cr.App. 1983) (citations omitted). "`Specific grounds of objection waive all grounds not specified.' Waters v. State,360 So.2d 358, 363 (Ala.Cr.App.), cert. denied, Ex parteWaters, 360 So.2d 367 (Ala. 1978)." Whisenant v. State,466 So.2d 995, 1004-05 (Ala.Cr.App. 1984), reversed on other grounds, Ex parte Whisenant, 466 So.2d 1006 (Ala. 1985).
We recognize that "a general objection to [the] admission of evidence should be sustained if the evidence is illegal for any purpose and cannot be made legal by introducing other evidence or by otherwise framing the inquiry." Satterwhite v. State,364 So.2d 359, 360 (Ala. 1978). Here, the confessions could have been made legal by introducing evidence of what specific rights were read to Coley and Johnson and by simply asking one additional question. A careful reading of the disjointed record shows that both Coley and Johnson were read their rights and signed a printed waiver of rights form. Although the record shows that this form was displayed during at least one of the trials, the form was never introduced into evidence or made a part of the record for appeal.
 B
The confessions of the appellants were not the result of coercion or offers of reward. Lowndes County Sheriff John Hulett testified that "when I got them all back after we gotthrough with all of our statements I took every one of them and talked to them just more or less as a parent. To talk to them about getting in trouble. . . . I done it after we had recovered the stuff and brought them in and talked to all of them together. I advised them not to get into anymore trouble, not to do anything wrong even if they would ever come from this case." (Emphasis added.) A confession is not inadmissible because of a threat or offer of reward made after the confession and which did not induce the confession. C. Gamble,McElroy's Alabama Evidence § 200.07 (2) and § 200.10 (3rd ed. 1977). See Ball v. State, 489 So.2d 675 (Ala.Cr.App. 1986);Self v. State, 459 So.2d 978, 980 (Ala.Cr.App. 1984), cert. denied, Self v. Alabama, 470 U.S. 1053, 105 S.Ct. 1756,84 L.Ed.2d 819 (1985).
 C
The appellants argue that there was no proper showing that they knowingly and intelligently waived their rights because there was testimony that "the appellants thought it was `funny, constantly in a jolly, happy mood'; `were just happy in everything'; `happy-go-lucky, sort of like an adult would be if indulging a bit'; `they were happy and having fun and joking about it, and cracking jokes about it, until late last night after they were transported to the Lowndes County jail.'" Appellant's brief, p. 21. The appellants argue that this shows that they "failed to grasp the gravity of the situation." Id.
This testimony was elicited with regard to Juvenile Hall. In responding to this objection at trial, the court stated:
 "Yes, well, the question of the Sheriff, it's not the duty of the Sheriff to determine all the seriousness of anything.
 "It's a question that if the Sheriff has testified to the fact that he [the juvenile], that he understood his rights and understood them clearly at the time he gave that statement. He said he was not drinking, did not appear to be under the influence of alcohol or drugs or any other matter.
 "As to his reaction to the charges, people react in different ways."
"[I]n most cases, the defendant's mental deficiency will be but one factor to be considered in the `totality of the circumstances' surrounding the confession." Garrett v. State,369 So.2d 833, 836 (Ala. 1979); Hines v. State, 384 So.2d 1171,1180 (Ala.Cr.App.), cert. denied, 384 So.2d 1184 (Ala. 1980).
 "This totality-of-the-circumstances approach is adequate to determine whether there has been a waiver even where interrogation of juveniles is involved. We *Page 610 
discern no persuasive reasons why any other approach is required where the question is whether a juvenile has waived his rights, as opposed to whether an adult has done so. The totality approach permits — indeed, it mandates — inquiry into all the circumstances surrounding the interrogation. This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights. See North Carolina v. Butler, supra [441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286].
 "Courts repeatedly must deal with these issues of waiver with regard to a broad variety of constitutional rights. There is no reason to assume that such courts — especially juvenile courts, with their special expertise in this area — will be unable to apply the totality-of-the-circumstances analysis so as to take into account those special concerns that are present when young persons, often with limited experience and education and with immature judgment, are involved." Fare v. Michael C., 442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 (1979).
"[Y]outhfulness is one of the factors to be considered."McElroy at § 200.14 (3).
Contrary to the appellants' assertions, there is evidence which shows that they were aware of the consequences of their actions in waiving their rights. Since the evidence of voluntariness was subject to different interpretations, the findings of the trial judge must be upheld absent an indication of patent and clear abuse of discretion. Williams v. State,461 So.2d 834, 838 (Ala.Cr.App. 1983), reversed on other grounds,Ex parte Williams, 461 So.2d 852 (Ala. 1984).
 D
The appellants argue that they could not knowingly and intelligently waive their rights because Sheriff Hulett did not understand the rights himself. This argument is based on a portion of Sheriff Hulett's testimony on cross-examination when he was asked to define "counselor." A reading of the entire record convinces this Court that both the Sheriff and the juveniles knew and understood that "counsel" and "attorney" referred to the same right.
 II
The appellants contend that Alabama Code 1975, § 12-15-58 (a) was violated because "their interrogation began at 1:30 p.m. and approximately 5 1/2 hours later they were placed in detention at the Ft. Deposit city jail." Appellants' brief, p. 24. They argue that § 12-15-59 (a) "would prevent their interrogation regarding anything other than their name, age, address, and the name and address of their parents, guardian, or custodian." Appellants' brief at p. 25.
"[N]othing in Code 1975, § 12-15-58 et seq., precludes the transport of an arrested juvenile to a police department first before transfer to a juvenile facility." Ex parte Talley,483 So.2d 1372 (Ala. 1986). "Alabama has no prohibition against a law enforcement officer arresting a juvenile for a delinquent act and taking the juvenile to the police station before the juvenile is either released or taken to probation services or an authorized detention facility." Talley v. State,483 So.2d 1369, 1371 (Ala.Cr.App. 1985), cert. quashed, Ex parte Talley,483 So.2d 1372 (Ala. 1986). "We do not think that the purpose of the `with all possible speed' requirement of Section 12-15-58 is to immunize juveniles from police investigation and interrogation or erect a shield between minors and law enforcement officers." Whisenant, 466 So.2d at 1005. Here, the appellants recognize that they were transported from Hayneville to Ft. Deposit so that the property they stole could be recovered. There is no contention that any interrogation lasted any substantial period of time.
 III
Appellants Chambers, Hall, and Johnson argue that their "convictions" for theft and *Page 611 
burglary (listed as "(2)" in the opening paragraph of this opinion) are based on the uncorroborated testimony of an accomplice. The statute requiring corroboration of accomplice testimony applies, on its face, only to "a conviction of felony," Alabama Code 1975, § 12-21-222. An adjudication of delinquency is not considered to be a "conviction," Alabama Code 1975, § 12-15-72 (a). Although the policy considerations for requiring corroboration of accomplice testimony in a delinquency adjudication are compelling, see Burttram v. State,448 So.2d 497, 498 (Ala.Cr.App. 1984), we have never held §12-21-222 to be applicable to a delinquency hearing. CompareVincent v. State, 349 So.2d 1145 (Ala. 1977) (juvenile may be transferred to circuit court for prosecution as an adult based on uncorroborated testimony of an accomplice).
Here, we need not decide the question because we find, as we did in Burttram v. State, supra, that, even if the rule requiring corroboration of accomplice testimony applies to a juvenile delinquency adjudication, the testimony of the alleged accomplice was corroborated by the appellants' own confessions.
"A defendant's voluntary confession may likewise be considered corroborative evidence authorizing a conviction."Craig v. State, 376 So.2d 803, 806 (Ala.Cr.App.), cert. denied,Ex parte Craig, 376 So.2d 807 (Ala. 1979); Jacks v. State,364 So.2d 397, 405 (Ala.Cr.App.), cert. denied, Ex parte Jacks,364 So.2d 406 (Ala. 1978). The rule requiring corroboration of a juvenile's confession, see Alabama Code 1975, § 12-15-66 (1) ("An extrajudicial admission or confession made by the child out of court is insufficient to support a finding that the child committed the acts alleged in the petition unless it is corroborated by other evidence.") is satisfied because the confessions were "self-verifying," see Whisenant v. State,466 So.2d 995, 999 (Ala.Cr.App. 1984), reversed on other grounds,Ex parte Whisenant, 466 So.2d 1006 (Ala. 1985); Ash v. State,424 So.2d 1381, 1387 (Ala.Cr.App. 1982), and corroborated by the location of the stolen property. Appellants Chambers, Hall, and Johnson led Sheriff Hulett to the stolen property in Ft. Deposit. "[O]nly the perpetrator would have had knowledge of the details of the crime" and the location of the stolen property. Ash v. State, 424 So.2d at 1387.
 IV
The juvenile court's finding that Chambers was guilty of second degree theft ("(6)" in the opening paragraph) is due to be reversed.
On December 18, 1985, the Lowndes County Middle School was burglarized. Four or five dollars in school office supplies were missing as were "some oranges and apples" valued at $8 and a teacher's purse, also valued at $8.
Theft of property in the second degree involves property with a value in excess of $25. Alabama Code 1975, § 13A-8-4 (e). Since the State only proved that the total of all the missing property was $21, Chambers' adjudication of guilty of theft in the second degree cannot stand. The record does show that Chambers is guilty of theft in the third degree. However, this would not affect Chambers adjudication as a delinquent because he was also found guilty of other charges: third degree burglary and second degree theft ("(2)") and second degree theft ("(3)").
Coley's conviction for second degree theft is affirmed because the State proved by Coley's confession that Coley received $65 of the money taken in the burglary.
Coley's conviction for theft ("(3)") was proper because the State proved, contrary to Coley's argument, that $51.20 which had been left in the store was missing after the robbery. Chambers' confession also implicated Coley in the burglary as did Coley's own statement admitting guilt.
 V
The appellants argue that they were adjudicated delinquent pursuant to void petitions because the petitions did not allege, as required by Alabama Code 1975, § 12-15-52 (c)(4), "[t]he place of the child's detention *Page 612 
and the time he was taken into custody, if the child in custody is delinquent or in need of supervision." This issue was never raised below and has not been preserved for review. "[A]llegations of a delinquency petition must be tested by the same standards of sufficiency as a criminal complaint for indictment." Driskill v. State, 376 So.2d 678, 679 (Ala. 1979). Here, the petitions state the essential elements of each offense charged in such a manner as to inform a reasonable man of the nature of the charged offense and what must be defended against.
The juvenile court's adjudications of delinquency are affirmed.
AFFIRMED.
All Judges concur.