This is a child support case. Beth, the child here involved, was born in 1969, and she was adopted by the Middletons (parents) when she was fifteen months old. *Page 541 
In June 1982 the parents placed Beth in a hospital for treatment. The child has not resided with the parents since that time. She was placed in the care of the Department of Human Resources (Department) in 1983 under a boarding home agreement. The parents agreed on November 28, 1984 to contribute $20 per month toward Beth's foster care support. In February 1985 the parents ceased making any such payments and, apparently, they did not pay any further child support for Beth after that time. Beth's temporary custody was granted to the Department in July 1983, and the parents were ordered to pay $60 per month to the Department for child support. That amount was reduced on September 4, 1985 to $40 per month. On January 29, 1987 the circuit court in a suit by the Division of Investigation and Recovery ordered the parents to pay an arrearage of $450 and to pay $70 per week as continuing child support. Therein, the trial court made a specific finding that the father's weekly take-home pay was $440. The parents filed a notice of appeal from that child support order but they dismissed their appeal on March 11, 1987.
The parents' juvenile court motion of February 23, 1987, as later amended, sought a termination of their parental rights and of their duty to support Beth. After an evidentiary hearing on May 29, 1987, the juvenile court issued an order on June 2, 1987 whereby it declined to terminate the parental rights of the parents but it relieved them from further child support payments for Beth. In denying the Department's motion to reconsider on June 24, 1987, the trial court stated the following in open court:
 "I took a lot of things into consideration in relieving them of child support. More than just the ability to pay was considered. It was my opinion that these people have done all they possibly could do, with and for this girl, for a great number of years. Mr. Pierson, I'm denying the motion. I just feel like what I did was appropriate in the matter. They had considerable expense over a number of years, placing her in psychiatric care, paying for it — the overage from their insurance set them back a great deal, and I remember that. They had her placed in several treatment hospitals, and they incurred for a great number of years some excessive expenses over and above what one would have had for an ordinary child, and it was an adopted child, and the only distinction there is, the child, herself, has sought to be removed from the home.
". . . .
 ". . . My position is, that the Court who last heard this, didn't consider those things and perhaps they should have. This family had some excessive expenditures over year after year after year, and from which they are just now recovering."
The Department timely appealed.
After a trial at which evidence was presented ore tenus, the action of the juvenile court will be given every favorable presumption and it will not be altered on appeal if it was supported by credible evidence unless it was palpably wrong. Witcher v. Motley, 417 So.2d 208 (Ala.Civ.App. 1982). Here, evidence of the financial condition of the parents was not presented to the trial court at either the May 1987 or June 1987 hearing. The parents did not testify on either occasion. The Department is paying $57 per day for the eighteen-year-old child's care and treatment for severe depression.
After an order of support has been entered by a court, it can be modified only where there has been a material change in circumstances which occurred after the entry of the last child support judgment. Lyle v. Lyle, 497 So.2d 154
(Ala.Civ.App. 1986). Although the determination of an amount of child support rests within the discretion of the trial court, Banksv. Spurlock, 470 So.2d 1300 (Ala.Civ.App. 1985), as does the modification of child support, Jones v. Jones, 462 So.2d 375
(Ala.Civ.App. 1984), the trial court's decision as to the amount of support is bound by legal evidence or the lack thereof. Langford v. Langford, 441 So.2d 962 (Ala.Civ.App. 1983). *Page 542 
Unless parental rights had been terminated, the child support could have been modified only if the circumstances had changed after the entry of the January 29, 1987 judgment. The record contains no evidence of any change in the circumstances of either the needs of the child or the ability of the parents to pay between January 29, 1987, when the amount of child support was set at $70 per week, and June 2, 1987, when all further obligation of the parents to support Beth was terminated. The trial court was bound by that lack of any credible evidence of a material change in the circumstances. Langford, supra. The evidence did not support or justify a modification of the January 29, 1987 child support order. Moreover, we know of no rule of law whereby parents can be relieved of their duty to support their minor child (whether adopted or natural) on the ground that the parents previously incurred some extraordinary expenses in the treatment of the child for a physical, emotional, or mental condition. The learned trial court erred in relieving the parents from the duty of assisting in the support of Beth and the judgment doing so is reversed and the cause remanded for entry of a judgment which does not conflict with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.