TYSON, Judge.
The following delinquency petitions were filed against this appellant:
1. JU 88-000078.09 — burglary 3rd degree of Douglas — filed 1-29-89
2. JU 88-000078.10 — theft of property 1st degree of Douglas — filed 1-29-89
3. JU 88-000078.11 — burglary 3rd degree of Fisher — filed 2-22-89
4. JU 88-000078.12 — theft of property 3rd degree of Fisher — filed 2-22-89
5. JU 88-000078.13 — burglary 3rd degree of Calvin Williams — filed 2-22-89
6. JU 88-000078.14 — theft of property 2nd degree of Calvin Williams— filed 2-22-89
7. JU 88-000078.15 — theft of property 3rd degree of Fisher — filed 2-23-89
8. JU 88-000078.16 — burglary 3rd degree of Fisher — filed 2-23-89
9.JU 88-000078.17 — burglary 3rd degree of Vernon — filed 2-23-89
10. JU 88-000078.18 — theft of property 2nd degree of Vernon — filed 2-23-89
11. JU 88-000078.19 — burglary 3rd degree of Vernon filed 2-23-89
12. JU 88-000078.20 — theft of property 2nd degree of Vernon — filed 2-23-89
Petitions JU 88-000078.15 and JU 88-000078.16 were nol-prossed because they were found to be duplicates of JU 88-000078.11 and JU 88-000078.12. Following an ore tenus hearing on these petitions, the juvenile court adjudicated the appellant delinquent on petitions JU 88-000078.-09, .10, .11, .12, .13, .14, .17, and .18. The court found that the State did not prove beyond a reasonable doubt the charges alleged in petitions JU 88-000078.19 and 20. The court then ordered the appellant committed to the Department of Youth Services and ordered restitution in the amount of $2,110.00.
*179 The following facts are important to understanding the issue raised on this appeal.
Victor Vernon, of 1024 North Gap Loop, Montgomery, Alabama, returned home from a trip on December 4,1988, and found that his home had been broken into. He reported that stereo equipment, a BB gun, a video cassette recorder (VCR) and a camera were taken.
Vernon’s home was broken into again on December 10,1988. This time a microwave oven, jewelry and 24 video tapes were taken. The total value of the items taken was $2,800.00. None of this property has been recovered. The appellant was not given permission to enter Vernon’s home.
Calvin William Kline, (referred to as Calvin Williams in the delinquency petition) of 704 North Pass Road, discovered that someone had broken into his home through the bedroom window on December 21, 1988. A microwave oven, a VCR and two wrapped Christmas presents were taken. These items exceeded $100.00 in value but were less than $1,000. The appellant was not given permission to enter this home either.
Barbara Douglas, of 728 North Pass Road, returned to her home around 8:00 p.m. on December 31, 1988, to find that it had been burglarized. Someone had unsuccessfully tried to kick in her back door. Her front door had been kicked in. A stereo, $50.00 in cash, three jackets, three rings and two necklaces, a watch and a sweatsuit, totaling $1,760.00, were taken. She has not recovered any of these items. The appellant did not have permission to enter her home.
On January 27, 1989, Cyrill Fisher, of 817 West Canyon Court, discovered that someone had broken into her home and had taken a pair of headphones and some food items.
On this same night, a neighborhood boy, Jason Sterling, observed two boys walking up and down the street in front of the Fisher home. Sterling became curious and watched the boys. After a while, he noticed that only one boy was walking outside the house. He then noticed the appellant, C.D.U., come out of the side door of the home. He watched the boys place something down beside an automobile and proceed down the street. Sterling then told his mother to call the police. Sterling felt reasonably sure that this appellant was the boy he saw coming out of the Fisher house, even though it was dark that night. He had seen the appellant at a neighbor’s house the night before the burglary.
Danee Hunter, also a neighbor of Cyrill Fisher, observed several young men walking down the street about 10:00 p.m. on January 27,1989. She identified this appellant as one of them. She said he was carrying some sort of gun.
Officer S.E. King testified that he responded to a possible burglary call on January 27, 1989, around 10:00 p.m. When he arrived, he talked with Sterling, who alerted him that the appellant had left Fisher’s home and had gone to another house. King went to the house where the appellant was supposed to have gone. Initially, he was told that the appellant was not present. However, after being let inside the house, he found the appellant.
The appellant and another man were advised of their Miranda rights and were taken to police headquarters.
That night Detective V.D. McMillin talked with this appellant and a T.J. at Youth Aid. McMillin stated that he read the appellant his juvenile rights. The appellant indicated that he understood his rights and he voluntarily waived them. No force, threats, intimidation or promises of reward were used to obtain a statement from the appellant.
The appellant told the officers that he had broken into Cyrill Fisher’s home. He admitted taking a headset and some food. He told the officers where they could locate the headset. This headset was later recovered at this location and was identified by Fisher as her property. The officers also recovered some jeans at this location. The appellant also told the officers that he had committed various other burglaries.
*180 The next day, after again being informed of his rights, the appellant took the officers to the other homes he claimed to have burglarized. He took them to Vernon’s home and said he had broken in more than once through a window. He also showed them Kline’s home and Douglas’s home.
The appellant was again advised of his rights and he voluntarily waived them. He gave a statement to the police which was recorded and transcribed. No threats, intimidation, promises or offers of rewards were made to obtain the statement.
In this statement the appellant admitted breaking into Vernon’s home and taking a microwave and some tapes. He also said he broke into Kline’s home and took a VCR and a microwave. From the Douglas home, he said he took a stereo and some jewelry. At the hearing, the appellant said he gave this statement to the police and showed them the houses because he was being beaten and threatened. At the hearing he denied committing any of these burglaries.
I
In his confession, the appellant admitted committing all of the crimes alleged in the petitions. However, at the hearing, the judge found that the evidence was insufficient to prove the appellant delinquent of the December 4th break-in of the Vernon home. The appellant argues that to find him delinquent solely on this confession is palpably wrong and not based on sufficient evidence because the judge found part of this same confession false (i.e., the admission of the December 4th break-in) Thus, he argues that an inconsistent confession is not enough to support a finding of delinquency.
When evidence is presented ore tenus, the court’s decision must be given every reasonable presumption and we will not ' overturn its finding “if it was supported by credible evidence unless it was palpably wrong.” Department of Human Resources v. Middleton, 519 So.2d 540 (Ala.Civ.App.1987). In the case at bar, there is ample evidence, in addition to the confession, to support a finding of delinquency.
Sterling’s and Hunter's testimony put the defendant at or near the crime scene on January 27, 1989.
The testimony of the defendant’s accomplice, T.J., implicates the appellant and corroborated Sterling’s and Hunter’s testimony. T.J. said that, on the night of January 27, 1989, the appellant took a brick and burst open the window of the Fisher home. He waited outside while the appellant went in. T.J. said he told the appellant that a little boy had seen them. The appellant took some headphones and food from the house. T.J. said they then went to Terry Pruitt’s house. He said the appellant had a gun, a pair of pants and some headphones around his neck.
In addition, the police officers testified that the appellant was able to take them to the other homes he had burglarized. Some of the stolen property was located based on the directions given by this appellant. His rendition of what was stolen was very similar to what was reported stolen from these homes.
The fact that part of the confession was possibly false does not render the entire confession false. The appellant had admitted to lying about other portions of his confession. He told the officers that a Joe Bailey pawned the property for him. However, he later admitted lying about this because he did not want to get into trouble alone. Therefore, the judge, based upon his observations and discretion, could decide which portions he felt were credible.
Ella Leigh Kirk, the appellant’s grandmother, testified that the appellant was in a youth facility on the night of the December 4, 1988, break-in of the Vernon home. The trial judge apparently believed this because he dismissed these petitions against the appellant. However, she also testified that the appellant was with her on the night of the other break-ins. The trial judge could choose to believe or not to believe this testimony based upon her demeanor and the other evidence. It was certainly not palpably incorrect, based on all the other credible testimony, for the *181 judge to find that the appellant was not with her at the times alleged.
The decision by the trial judge to find this appellant delinquent is supported by credible evidence and is clearly not erroneous. Therefore, this decision will not be overturned on appeal.
For the reasons stated, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.