TYSON, Judge.
On September 12,1989, upon information received from the victims in this cause, Tim Wooten with the Florence Police Department signed two juvenile petitions against this appellant, R.L.L., in the Juvenile Court of Lauderdale County. One petition charged the appellant with sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975, and sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975. The other petition charged, the appellant with criminal mischief in the third degree, in violation of § 13A-7-23, Code of Alabama 1975.
On October 31, 1989, the appellant was tried on all three counts. At the close of *475 the State’s case-in-chief, and upon defense counsel’s motion, the trial judge dismissed the sodomy and sexual abuse charges. At the close of all of the evidence, the trial judge found the appellant guilty of criminal mischief in the third degree.
A disposition hearing was thereafter held on November 8, 1989. The trial judge ordered the appellant transferred to the Department of Youth Services (DYS). The appellant was also ordered to be held in the Robert Neaves Detention Facility in Laud-erdale County, Alabama, until such time as DYS could take custody of him.
I
The appellant first contends that the trial judge committed reversible error by refusing to dismiss the petition charging the appellant with criminal mischief in the third degree. Particularly, the appellant claims that the petition did not set forth the necessary facts with the required “specificity” as required by § 12-15-52(c), Code of Alabama 1975.
In support of his argument, the appellant relies on Crittenden v. State, 476 So.2d 632 (Ala.1985). In Crittenden, Justice Adams wrote that a “bare-bones” affidavit, without more, is fatally defective for purposes of establishing probable cause for an arrest warrant.
A juvenile or delinquency petition, however, is not to be measured by the same standards as an affidavit which has been submitted .for purposes of an arrest warrant. The appropriate standard was set out as follows in Chambers v. State, 497 So.2d 607, 612 (Ala.Cr.App.1986):
“ ‘[Ajllegations of a delinquency petition must be tested by the same standards of sufficiency as a criminal complaint or indictment.’ Driskill v. State, 376 So.2d 678, 679 (Ala.1979).”
In addition to complying with our code, a delinquency petition must put a “reasonable man” on notice as to the charges against him, and it must apprise him of what he is expected to defend against. See Chambers, 497 So.2d at 612. See also In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (due process requires that juvenile be given notice).
In this case, we hold that the petition signed by Tim Wooten both satisfied the statutory requirements of this State and sufficiently placed this appellant on notice of the charges against him. The petition was acknowledged, by signature, by an intake officer in Lauderdale County. Ala.Code § 12-15-50 (1975); A.R.J.P. 12 (1977). See Shedd v. State, 505 So.2d 1306, 1307 (Ala.Cr.App.1987).
Furthermore, § 12-15-52(c), Code of Alabama 1975, has been complied with. The petition states with sufficient “specificity” the act performed (damaging a car window), the owner of the property, the crime with which he is being charged, the names and addresses of the appellant’s parents, the name and address of the petitioner, and the name and address of the child, i.e., this appellant.
Therefore, the appellant’s right to due process was not violated. He was made fully aware of the nature of the pending charge against him. No error appears.
II
The appellant next contends that his adjudication of delinquency cannot stand because, he says, the State failed to prove that he intended to cause damage to the victim’s car. Ala.Code § 12-15-65(d) (1975).
We disagree. The appellant was tried for criminal mischief in the third degree. Ala.Code § 13A-7-23 (1975). Proof of this crime requires, inter alia, a showing, beyond a reasonable doubt, by the State that the accused intended to damage the property at issue.
The appellant testified at trial that he did cause the damage to the car window. He claims, however, that he was shooting at cans in his yard, which was across the street from the victim’s home, and that one of the BB pellets ricocheted and struck the victim’s automobile, which was parked in his driveway.
Apparently, there were no witnesses to the crime. But, both Tommy Warren, Jr., *476 the owner of the car, and his wife, Elizabeth Warren, confronted this appellant about the shooting on numerous occasions. Eventually, the appellant admitted to the Warrens that he shot out the car window. When asked by Tommy Warren, the appellant responded: “Yeah, I shot your window out. What you gonna do about it?” (R. 49.)
Elizabeth Warren asked this appellant on four occasions about his involvement in the damage to the car. On three of the occasions, he denied causing the damage. She testified that, on the fourth occasion, the conversation with the appellant went as follows:
“One incident, I asked him again why did he do it. A day before I asked him why he did it, he said, ‘Yes, I shot your window. What the “h-m-m-mm” are you going to do about it, bitch?’ I said, ‘[R.L.L.], you do no have a right to speak to me that way.’
“And then he started picking on my little kids, taking pot shots at them with the BB gun.” (R. 40.)
Elizabeth Warren also testified that the appellant told her son that he shot the window. Over the appellant’s objection, she stated that the appellant admitted to her son that he caused the damage and threatened, “I’ll shoot another one out if you mess with me.” (R. 41.)
In a recent opinion by this court, in a case where the appellant sought to challenge his adjudication of delinquency, we stated:
“When evidence is presented ore tenus, the court’s decision must be given every reasonable presumption and we will not overturn its finding ‘if it was supported by credible evidence unless it was palpably wrong.’ Department of Human Resources v. Middleton, 519 So.2d 540 (Ala.Cr.App.1987).”
C.D.U. v. State, 552 So.2d 178, 180 (Ala.Cr.App.1989).
This appellant’s actions and conduct in association with his admission to the Warrens is relevant to the trial court’s determination of guilt. The trial judge was in the best position to determine who was telling the truth and who was not.
Thus, we find that, based on the evidence presented at trial, there was sufficient evidence to find that this appellant intended to cause damage to the Warrens’ car. The trial judge's ruling was correct.
Ill
The appellant’s last contention is that the trial judge abused his discretion by committing him to the custody of DYS. Specifically, the appellant argues that he was found guilty of a class B misdemeanor. Ala.Code § 13A-7-23(b) (1975). Such a conviction carries a sentence of up to six months. Ala.Code § 13A-5-7(a)(2) (1975). According to the appellant, his transfer to DYS caused him to receive punishment disproportionate to what an adult convicted of the same crime would have received.
In sentencing this appellant, the trial judge stated as follows:
“THE COURT: [R.L.L.], you have got problems. And I don’t think we can solve your problems here in Lauderdale County. So I’m committing you to the Department of Youth Services. And we are going to continue to try to find a better place for you than the Department of Youth Services, where you can get some treatment for your problems.
“But with what you have done, I just can’t look the other way. You have been in court here before, and now this criminal mischief charge. So you are committed to the custody of the Department of Youth Services.
“And Miss Allen here is going to keep working on trying to find some maybe more appropriate or better place for you. And if we can find that, we will take you out of the Department of Youth Services and put you in that better placement.
“Now [R.L.L.], what’s going to happen is, you’re going to be sent to reform school. And they are going to try to help you with the problems that you have about how you deal with other people and how you are dealing with the world.
“And if you go down there and cause them a lot of problems, you will be down *477 there a long time. You go down there and cooperate with them, [R.L.L.], you can get yourself out fairly quick, in fact, probably quicker than I think you ought to be able to get out.” (R. 67-68.)
When a child has been found delinquent or in need of supervision, a trial judge has at his disposal several alternatives. Among these alternatives is the capacity to have the juvenile transferred to DYS. Ala. Code § 12-15-71(c)(3)a (1975).
In Wallace v. Pollard, 532 So.2d 632 (Ala.Civ.App.1988), the court addressed the placement of a child deemed to be in need of supervision (CHINS) under § 12-15-71(c)(3)a. In that case, the court opined that the trial judge may choose the alternative which he finds to be in the best interest of the child. Pollard, 532 So.2d at 633.
In a determination of delinquency, the trial court should be afforded the same leeway. In the cause sub judice, the trial judge made it clear that, because of the appellant’s past troubles with the court and his existing problems, the facilities in Laud-erdale County could not accommodate his needs. Moreover, the trial judge explained to the appellant that an ongoing study would be done to determine other more appropriate alternatives.
Clearly, the trial judge in this case based his decision on what he found to be best for the juvenile litigant. Therefore, we fail to see how the trial judge abused his statutory power by having this appellant transferred to DYS.
For the reasons stated, the decision of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.