619 So.2d 940 (1993)
R.L.S.
v.
STATE.
CR-92-137.
Court of Criminal Appeals of Alabama.
April 16, 1993.
Fred McCormick III, and Blanchard McLeod, Jr., Selma, for appellant.
James H. Evans, Atty. Gen., and Jean Brown, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, R.L.S.,[1] a juvenile, appeals from an order transferring his case from the Juvenile Court for Dallas County to the circuit court for prosecution as an adult. The appellant was charged in a delinquency petition with the attempted murder of two on-duty police officers.

I
On appeal, the appellant argues that the state's transfer petition did not meet the requirements of § 12-15-52(c)(1), Code of Alabama 1975. That Code section provides:
"(c) The petition shall set forth with specificity:
"(1) The facts which bring the child within the jurisdiction of the court, the facts constituting the dependency, delinquency or need of supervision and that the child is in need of supervision, treatment, rehabilitation, care or the protection of the state, as the case may be."
*941 "In addition to complying with our code, a delinquency petition must put a `reasonable man' on notice as to the charges against him, and it must apprise him of what he is expected to defend against." R.L.L. v. State, 564 So.2d 474, 475 (Ala.Cr. App.1990).
The appellant contends that the petition "did not advise with specificity the offense charged." The amended petition, filed on October 19, 1992, stated that the appellant was delinquent,
"in that on or about September 16, 1992, said child did, with intent to cause the death of another, attempt to cause the death of Jimmy Martin and Roger Goodman, by shooting at them with a pistol while Jimmy Martin and Roger Goodman were police officers on duty, in violation of § 13A-5-40[5] and § 13A-4-2 of the Code of Alabama, against the peace and dignity of the State of Alabama."
The petition, as amended, meets the requirements of § 12-15-52(c)(1). Additionally, it would inform a reasonable person of the offense with which he was charged and against which he would have to defend. The petition met all the statutory requirements.

II
The appellant also argues that there was insufficient evidence to transfer his case to the circuit court for prosecution as an adult. There are two phases of a transfer hearing: a probable cause phase and a dispositional phase. D.R.H. v. State, 615 So.2d 1327 (Ala.Cr.App.1993). At the probable cause phase, the court must find that "a reasonable man would believe the crime occurred and that the defendant committed it." Duncan v. State, 394 So.2d 930, 932 (Ala.1981).
The evidence presented at the transfer hearing tended to show that the appellant fired one or more gunshots in the direction of two on-duty police officers while they were in their patrol car. The appellant, in a statement given to the police, admitted that he fired in the direction of the police officers. The appellant, however, said that he did not intend to shoot the officers.
It is not necessary, at the transfer hearing, that the state prove beyond a reasonable doubt that the appellant intended to kill the police officers. "[A] transfer hearing is not a hearing to adjudicate the guilt or innocence of the accused, but instead is a probable cause hearing, to determine whether the juvenile should be transferred out of juvenile court for prosecution as an adult." W.M. v. State, 607 So.2d 1303, 1304 (Ala.Cr.App.1992). There was sufficient evidence presented at the transfer hearing from which the court could find probable cause.
During the dispositional phase of the transfer hearing, the court must consider all of the following six factors:
"(1) The nature of the present alleged offense;
"(2) The extent and nature of the child's prior delinquency record;
"(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
"(5) The extent and nature of the child's physical and mental maturity; and
"(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
§ 12-15-34(d), Code of Alabama 1975. The record reflects that the court considered all of these six factors in reaching its decision to transfer the appellant's case to the circuit court.
The juvenile court's order transferring the appellant to circuit court for prosecution as an adult is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
NOTES
[1] The anonymity of the appellant is being preserved in accordance with Rule 52, A.R.App.P.