COBB, Judge.
Thirteen-year-old R.B.H. was adjudicated delinquent on two counts of the underlying offense of harassment, a violation of § 13A-11-8, Ala.Code 1975. Two separate petitions were filed against R.B.H. and he was adjudicated delinquent for harassing two young girls, R. and S. He was committed to the Department of Youth Services. On appeal, he argues (1) that the evidence was insufficient to establish that he harassed R. as charged in the petition, and (2) that there was a material variance between the juvenile petition and the proof at trial.
The State’s evidence tended to show that 11-year-old R. and 9-year-old S. were standing outside an Amoco gasoline station talking when R.B.H. approached the two girls and called S. a “bitch.” (R. 9, 23.) S. testified that R.B.H. began cursing *383 at them. R.B.H. threatened to kill S., R., and their families. He also threatened to “TKO” S. and R. (R. 31.) When he threatened to kill the girls and their families, R. telephoned the emergency 911 number. (R. 12, 25.) Prior to the incident at the station, R.B.H. had threatened to shoot R.’s brother. (R. 12.)
The next day, R.B.H. attempted to drag S. by her wrists behind a trailer in the neighborhood where they lived. (R. 24, 28-29.) However, when R. began yelling, he stopped dragging her. On a different occasion, R.B.H. also threatened to kill the girls. (R. 17.) S. and R. both testified that they were afraid of him. (R. 11, 31.)
R.B.H. took the stand and denied that he attempted to drag S. behind a trailer. However, he admitted that he had cursed at the girls and that he had threatened to kill S.’s brother and R.’s brother and sister. (R. 38.)
After hearing all of the evidence, the trial judge found “sufficient evidence to sustain the adjudication and [sustained] the petition[s].” The trial judge ordered that R.B.H. be committed to the Department of Youth Services, on both charges, until the age of majority or until he was ordered to be released by the court. (R. 45.)
On appeal, R.B.H. argues that the evidence was insufficient to convict him of harassment as to R., as charged in the petition. Specifically, he contends that the State failed to establish that he touched or subjected R. to physical contact. We agree.
“Section 12 — 15—65(e), Ala.Code 1975, requires that an adjudication of delinquency be supported by ‘proof beyond a reasonable doubt, based on competent, material^] and relevant evidence.’ The credibility of witnesses and the truthfulness of testimony in delinquency proceedings is for the trier of fact to determine. C.T.L. v. State, 599 So.2d 94 (Ala.Cr.App.1992). Furthermore, in resolving questions of sufficiency of the evidence, this court must view the evidence in the light most favorable to the state. Id.”
A.AG. v. State, 668 So.2d 122, 124 (Ala.Cr.App.1995).
The petition charging R.B. with the harassment of R. reads:
“On or about 07-18-1999, R.B.H. did, with intent to harass annoy, or alarm [R.], strike, shove, kick, or otherwise touch the said [R.], or subject her to physical contact, in violation of 13A-11-8(a)(1)(a) of the Code of Alabama, against the peace and dignity of the State of Alabama. This offense occurred while at or near Cedar [SJprings Road in Weaver, Calhoun County, Alabama.”
(C. 6.) Section 13A-ll-8(a)(l), Ala.Code 1975, provides:
“A person commits the crime of harassment, if with intent to harass, annoy, or alarm another person, he or she either:
“a. Strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact.
“b. Directs abusive or obscene language or makes an obscene gesture towards another person.”
The evidence at trial established that R.B.H. used obscene language and that he threatened to kill R. and her family. The evidence, however, did not establish that R.B.H. touched R. or subjected her to physical contact as the petition alleged and as is required for a violation of § 13A-11-8(a)(1)(a), Ala.Code 1975. Although R.B.H. could have been adjudicated delinquent for harassing R. under § 13A-11-8(a)(1)(b), the petition did not allege that R.B.H. harassed her by abusive or obscene language. Therefore, the evidence at trial was insufficient to adjudicate R.B.H. delinquent for harassing R. under § 13A-11-8(a)(1)(a), Ala.Code 1975. See Floyd v. State, 659 So.2d 961 (Ala.Cr.App.1994).
Based on our findings, the judgment is due to be, and it is hereby, affirmed as to the R.B.H.’s adjudication of delinquency *384 based on the petition alleging the harassment of S. and reversed as to his adjudication based on the petition alleging the harassment of R. We are remanding this case to the trial court for resentencing. Return to remand should be made within 30 days of this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS. 
LONG, P.J., and McMILLAN and FRY, JJ., concur.
BASCHAB, J., concurs in result only.