WELCH, Judge.
K.S. appeals from his adjudication as a delinquent child based on the underlying offense of carrying a pistol without a permit. See § 13A-11-73, Ala. Code 1975.
K.S.’s delinquency hearing was consolidated with four juvenile codefendants— R.S., C.M., K.W., and V.C. Each juvenile was accused of committing reckless endangerment based on discharging a weapon at the Johnson Homes housing project in Do-than and carrying a pistol without a permit based on the discovery of two pistols in the vehicle in which they had all been passengers shortly before police intervention. A sixth individual involved in the alleged incidents was an 18-year-old who was not subject to proceedings in the juvenile court. All the juveniles were found not to have committed reckless endangerment. Of the five juveniles, only R.S. and K.S., who are brothers, were found to have been carrying a pistol without a permit. Ultimately, K.S. was placed in the physical custody of Pathway, Inc., and was ordered to perform 40 hours of community service or prepare five book reports. He was also ordered to pay costs and placed on supervised probation for a minimum of six months after his release from Pathway.
Facts
At approximately 5:30 p.m.[1] on March 12, 2016, police officers with the Dothan Police Department were dispatched to the Johnson Homes housing project to investigate reports of a shooting. However, once officers arrived, the residents of Johnson Homes said “they hadn’t seen anything” regarding a shooting, and the person who made “the original call” refused to speak with officers. (R. 23.) Nevertheless, officers testified that they were instructed to “be on the lookout” for a red or burgundy or maroon sport-utility vehicle. The source of the description of the suspect vehicle was not explained. A short time later, officers located a burgundy Ford Explorer sport-utility vehicle parked in KW.’s driveway located about one mile from the Johnson Homes housing project.
Two of KS.’s codefendants were outside the sporLutility vehicle looking under the hood at the engine. In his statement to police, K.S. admitted that he and three codefendants were seated in the backseat of the vehicle when the police arrived.
Police officers recovered the following from the sport-utility vehicle: in plain view on the driver’s side floorboard in the backseat area was a magazine clip to a gun; a Walther brand .22 caliber handgun was under the driver’s side seat not in plain view; an unloaded Smith & Wesson brand SD .40 caliber handgun was under the passenger’s side seat not in plain view; a *811 loaded clip to the .40 caliber handgun was also on the back floorboard in plain view; and an unspent .22 caliber bullet was on the backseat.
One officer testified that R.S., KS.’s brother, admitted that one of the guns belonged to him. (R. 135.)
K.S. admitted in his videotaped statement to police that he had been seated in the sport-utility vehicle behind the driver. However, he stated that he and the other young men had been playing football nearby when KW.’s mother sent him a text telling them to come home, so they drove to her house and parked in the driveway where they were when the police arrived. K.S. denied driving through the Johnson Homes housing project, and he denied any knowledge of the pistols discovered under the front seat of the sport-utility vehicle until an officer removed them from the vehicle. K.S. stated he did not see the pistols until he saw “the man [, i.e., a police officer,] pull the gun out of the car.” State’s exhibit 2 at 3:09 minutes.
Km Adkins with the Houston County Sheriffs Department testified that the Houston County Sheriffs Department had no record of any of the juveniles having a pistol permit as of March 2016. Moreover, she testified that a person has to be 18 years old to have a pistol permit.
K.S. argued at trial in his motion for a judgment of acquittal that the State had failed to present a prima facie case of carrying a pistol without a permit and he also contended that his mere presence in the sport-utility vehicle without some evidence that he intended to exercise dominion and control over a pistol is insufficient to prove that he was carrying a pistol.
The trial court denied the motion for judgment of acquittal and adjudicated KS. to be delinquent based on the offense of possessing a pistol in a vehicle without a permit.
Discussion
K.S. contends that the juvenile court erred when it denied his motion for a judgment of acquittal because, he says, the State failed to present a prima facie case of carrying a pistol without a permit. Specifically, he asserts that there was no proof of his actual or constructive possession of a pistol.
“ ‘The general standard for assessing the sufficiency of the evidence is applicable to our review of juvenile proceedings. See J.W.B. v. State, 651 So.2d 73, 75 (Ala. Crim. App. 1994) (applying “ ‘[t]he general standard by which we review the evidence’ ” to a juvenile proceeding (quoting Robinette v. State, 531 So.2d 682, 687 (Ala. Crim. App. 1987))).
““““In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.” ’ Ballenger v. State, 720 So.2d 1033, 1034 (Ala. Crim. App. 1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala. Crim. App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). ‘“The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.” ’ Nunn v. State, 697 So.2d 497, 498 (Ala. Crim. App. 1997), quoting O’Neal v. State, 602 So.2d 462, 464 (Ala. Crim. App. 1992). ‘ “When there is legal evidence from which the jury could, by fair inference, *812 find-the’defendant guilty, the trial court should submit [the case], to the jury, and, in such a case, this court will not disturb the trial court’s decision.’” Farrior v. State, 728 So.2d 691, 696 (Ala. Crim. App. 1998), quoting Ward v. State, 557 So.2d 848, 850 (Ala. Crim. App. 1990). ‘The role of appellate courts is not to say What the facts are. Oúr role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.’ Ex parte Banakston, 358 So.2d 1040, 1042 (Ala. 1978).”
"'Oliver v. City of Opelika, 950 So.2d 1229, 1230 (Ala. Crim. App. 2006).’
“J.M.A. v. State, 74 So.3d 487, 492 (Ala. Crim. App. 2011).”
C.L.F. v. State, 104 So.3d 291, 294 (Ala. Crim. App. 2012).
Additionally,
“[b]ecause this is a juvenile matter, in which the juvenile court judge is the trier of fact, we keep the following principles in' mind:
“‘Where evidence is presented to the trial court ore tenus in a nonjury case, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Odom v. Hull, 658 So.2d 442 (Ala. 1995). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment. Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So.2d 415 (Ala. 1994).’
“Ex parte Agee, 669 So.2d 102, 104 (Ala. 1995). See R.L.L. v. State, 564 So.2d 474, 476 (Ala. Crim. App. 1990); C.D.U. v. State, 552 So.2d 178, 180 (Ala. Crim. App. 1989) (‘When evidence is presented ore tenus, the court’s decision must be given every reasonable presumption and we will not overturn its finding “if it was supported by credible evidence unless it was palpably wrong.” Department of Human Res. v. Middleton, 519 So.2d 540 (Ala. Civ. App. 1987).’). Furthermore,
“‘“Section ' 12-15-65(e), Ala.' Code 1975, requires that an adjudication of delinquency be supported by ‘proof beyond a reasonable doubt, based on competent, material,] and relevant evidence.’ The credibility of witnesses- and the truthfulness of testimony in delinquency’ proceedings is for the trier of fact to determine. C.T.L. v. State, 599 So.2d 94 (Ala. Crim. App, 1992). Furthermore, in resolving .questions of sufficiency of the evidence, this court must view the evidence in the light most favorable to the state. Id.”’
“R.B.H. v. State, 762 So.2d 382, 383 (Ala. Crim. App. 1999), quoting A.A.G. v. State, 668 So.2d 122, 124 (Ala. Crim. App. 1995).”
T.L.S. v. State, 153 So.3d 829, 836 (Ala. Crim. App. 2013).
K.S. was adjudicated delinquent for the underlying offense of carrying a pistol without a permit, see § 13A-11-73, Ala. Code 1975, which provides, in part, that, except in circumstances not present in this case, “no person shall carry a pistol in any vehicle or concealed on or about his or her person without a permit.”
At trial, there was no evidence indicating that K.S. was in actual possession of a pistol; thus, constructive possession had to be established. With regard to sufficiency-of-the-evidence claims^ when the State relies on a theory of constructive possession to prove the offense of carrying a pistol without a permit, this Court, in Nguyen v. State, 580 So.2d 122 (Ala. Crim. App. 1991), has explained:
*813 “In Alabama, there is no statutory presumption that the presence of a forbidden weapon in an automobile is presumptive evidence of its possession by all occupants of the vehicle. See Annot., 87 A.L.R.3d 949 (1978). Instead, the principles enunciated in Ex parte Story, 435 So.2d 1365 (Ala. 1983), which involved a prosecution for the possession of a controlled substance found in an automobile, govern this case:
“‘[T]he mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. Parks v. State, 46 Ala.App. 722, 248 So.2d 761 (1971); Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520 (1970). The State must introduce additional evidence from which the defendant’s unlawful possession of the contraband could be inferred in order to support a conviction. See 57 A.L.R.3d 1319. Knowledge of the presence of the controlled substance by the defendant must also be established beyond a reasonable doubt. Temple v. State, 366 So.2d 740 (Ala. Or. App. 1978).’
“Story, 435 So.2d at 1366.
[[Image here]]
“ ‘[T]he possibility that a thing may occur is not alone evidence even circumstantially, that the thing did occur.
[[Image here]]
“ ‘The only inference raised by the state’s evidence presented in this case is that it was possible that this appellant may have committed this offense. Beyond this possibility, resort must be had to surmise, speculation, and suspicion to establish the appellant’s criminal agency in the offense charged. No rule is more fundamental or better settled than that convictions cannot be predicated on such bases.’
“Parker v. State, 280 Ala. 685, 691-92, 198 So.2d 261, 268 (1967).”
Nguyen, 580 So.2d at 123 (“[T]he evidence was not sufficient to warrant the conclusion that [Nguyen] was in constructive possession of the weapon found under the front passenger’s seat of the automobile in which he was not the sole occupant.” The State’s evidence created only a “possibility” that Nguyen committed the offense.); Ex parte D.B., 678 So.2d 255, 257 (Ala. 1996)(evidence was insufficient to prove beyond a reasonable doubt that D.B. was in constructive possession of pistols found in automobile; “the only inference raised by the state’s evidence was that it was possible that D.B. may have committed this offense”).
Here, the evidence, when viewed in a light most favorable to the State, establishes that on March 12, 2016, police officers went to a housing project to investigate an alleged shooting. No evidence was presented establishing that a shooting actually took place. Officers left the housing project “on the lookout” for a burgundy sport-utility vehicle; however, there was no evidence presented at the hearing linking the burgundy sport-utility vehicle to a shooting at the housing project. Officers located a burgundy sport-utility vehicle in the driveway at KW.’s residence. K.S. admitted that he had been seated inside the vehicle behind the- driver, but three other young men were also seated on the backseat with K.S. At some point after K.S. and the three other young men had exited the vehicle, the police saw a magazine clip in plain view on the backseat floorboard behind the driver. This magazine clip fit a pistol that was later discovered under the driver seat and that was not in plain view. A second pistol was found behind the passenger side seat that was *814 also not in plain view. A .22 caliber bullet was also found on the backseat of the sport-utility vehicle. There was testimony that R.S. admitted that one of the pistols was his. K.S. denied knowing that either pistol was in the vehicle.
“ ‘An appellate court is “bound by what appears in the record before [it].” ’ ” Smith v. State, 745 So.2d 922 (Ala. Crim. App. 1999). The evidence was insufficient to prove beyond a reasonable doubt that K.S. constructively possessed either of the pistols found in the vehicle. Rather, the only inference raised by the State’s evidence was that it was possible that K.S. may have committed this offense. A conviction cannot be premised on such a basis. Therefore, we hold that the trial court clearly erred in holding that the evidence was sufficient to prove beyond a reasonable doubt that K.S. was in constructive possession of a pistol.
REVERSED AND JUDGMENT RENDERED.
Windom, P.J., and Kellum, Burke, and Joiner, JJ., concur.

. Witness testimony varied on the exact time; however, it was late in the afternoon, but before dark.